Date signed January 05, 2012



PAUL MANNES  
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| ANGEL RODRIGUEZ | : | Case No. 11-30807PM |
| | : | Chapter 13 |
| Debtor | : | |

## MEMORANDUM OF DECISION

This bankruptcy case under Chapter 13 was filed on October 19, 2011. While Debtor's petition stated under oath that within 180 days before the filing of her bankruptcy case she received a briefing from a credit counseling agency approved by the United States Trustee, no certificate of such counseling was ever filed. This certificate is required by § 109(h)(1) of the Bankruptcy Code, that provides:

> **11 U.S.C. § 109.  Who may be a debtor**
>
> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section other than paragraph (4) of this subsection, an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved non-profit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

On December 2, 2011, the Chapter 13 Trustee filed a Motion to Dismiss this case on account of Debtor's failure to appear at the Meeting of Creditors scheduled pursuant to § 341 of the Bankruptcy Code on December 1, 2011, this date being set by the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines, Official Form 9I, with notice to all

creditors and the Debtor, either by first-class mail or by electronic transmission as shown on the Certificate of Notice, Docket Entry No. 9, filed October 22, 2011. The Disclosure of Compensation filed by Debtor's attorney reflects the fact that she had received $4,000.00 from the Debtor prior to filing the case.

On December 14, 2011, this court issued the annexed Order to Show Cause that directed, among other things, that Debtor and counsel appear in this court on January 3, 2012, at 2:00 p.m. Neither the Debtor nor counsel appeared.

The court finds as a fact that counsel's representation of this Debtor is inadequate and does not meet the minimum standards required of counsel and falls woefully short of the Maryland Lawyers Rules of Professional Conduct 1.1 and 1.3 that require a lawyer should provide competent representation and act with reasonable diligence. Aside from collecting a $4,000.00 fee, counsel has done nothing to advance her client's cause in this action and has been utterly inattentive to the requirements of this case. For example, while Debtor's Chapter 13 Plan filed on October 19, 2011, reflected payments of $745.00 a month for 60 months, for a total of $44,700.00, it was apparent on November 28, 2011, that with an arrearage claim of $45,822.74 filed on behalf of the holder of the mortgage securing Debtor's property, the Plan was underfunded considering the required commission to be paid to the Chapter 13 Trustee and the priority tax claims scheduled by Debtor, aggregating $1,851.00.

Finally, counsel's failure to appear at the hearing on the Order to Show Cause is inexcusable. An appropriate order will be entered.

cc:
Angel Rodriguez, 3415 Williamsburg Drive, Waldord, MD 20601
Sheron Barton, Esq., 1025 Connecticut Avenue, Suite 1000, Washington DC 20036
Sheron Barton, Esq., 5897 Allentown Road, Suitland, MD 20746
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770
Committee on Admissions and Discipline, United States District Court for the District of MD,
    U.S. Courthouse, 6500 Cherrywood Lane, Greenbelt MD 20770

**End of Memorandum**